**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

SHELBY MARIE REBANDO, BRAD
JAMES REBANDO, CASSONDRA
CAPUTO, DANIELLE DEBRA
HANSE, NAKEIA WEBBE,
CURTNEY WEBBE and BRIAN
JAMES HANSE,

          Plaintiffs,

v.                            Case No:   6:22-cv-177-CEM-LHP

COOPERSURGICAL, INC., THE
COOPER COMPANIES, INC.,
FEMCARE, LTD. and UTAH
MEDICAL PRODUCTS, INC.,

          Defendants

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO HAVE EXHIBITS FILED UNDER SEAL (Doc. No. 151)
>
> **FILED:** March 27, 2024
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

Before the Court is Defendants' motion to seal several exhibits to motions filed by Plaintiffs, for which Plaintiffs have filed placeholders pursuant to Local Rule 1.11(d). Doc. No. 151. These include Exhibits F and G to Plaintiffs' Motion to Exclude Opinions Offered by Defendants' Expert Witness Dr. Janesh K. Gupta (Doc. Nos. 116-6, 116-7), Exhibit D to Plaintiffs' Motion to Exclude Opinions Offered by Defendants' Expert Witness Steven David Silverman (Doc. No. 119-4), and Exhibits H and N to Plaintiffs' Response in Opposition to Utah Medical Products Motion to Dismiss and Joinder to Femcare's Motion for Summary Judgment (Doc. Nos. 145-13, 145-19). *Id.* at 1. Defendants state that they have marked these materials, which are confidential complaint files and a risk assessment, "confidential" pursuant to the parties' confidentiality agreement, the documents contain personal identification information of individuals who are not a party to this lawsuit, they contain health information that may be protected by HIPAA, and they otherwise contain trade secrets. *Id.* at 2–3. Accordingly, Defendants ask that the documents be filed under seal, because "redaction of all of the potentially protected, private, confidential, trade secret, and proprietary information in these documents would make them difficult to read, interpret, and consider in the context of the motions." *Id.* at 5. Plaintiffs do not oppose. *Id.* at 8.

Upon review, having considered Local Rule 1.11 and the Eleventh Circuit's standard for sealing,[1] the Court finds good cause to seal the materials at issue at this stage of the litigation.  *See Romero*, 480 F.3d at 1246 ("A party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." (citations omitted)); *see also, e.g.*, *Wyndham Vacation Ownership, Inc. v. Slattery, Sobel & DeCamp, LLP*, No. 6:19-cv-1908-WWB-EJK, 2022 WL 17541230, at *1 (M.D. Fla. Dec. 8, 2022) (granting motion to seal exhibits containing personal identifying information, as well as confidential and proprietary

---

[1] "[M]aterial filed with discovery motions is not subject to the common-law right of access, whereas discovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right[.]"  *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 (11th Cir. 2001).  "The right of access creates a rebuttable presumption in favor of openness of court records," *Gubarev v. Buzzfeed, Inc.*, 365 F. Supp. 3d 1250, 1256 (S.D. Fla. 2019), which "may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential.  Whether good cause exists is decided by the nature and character of the information in question."  *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (internal quotation marks, citation, and alterations omitted).

Courts conducting a "good cause" balancing test consider, among other factors: (1) whether allowing access would impair court functions or harm legitimate privacy interests, (2) the degree of and likelihood of injury if made public, (3) the reliability of the information, (4) whether there will be an opportunity to respond to the information, (5) whether the information concerns public officials or public concerns, (6) the availability of a less onerous alternative to sealing the documents, (7) whether the records are sought for such illegitimate purposes as to promote public scandal or gain unfair commercial advantage, (8) whether access is likely to promote public understanding of historically significant events, and (9) whether the press has already been permitted substantial access to the contents of the records.  *Gubarev*, 365 F. Supp. 3d at 1256 (citing *Romero*, 480 F.3d at 1246; *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir. 1983)).

business information).   After review of the documents, the Court may require that the information filed under seal be filed in the public record, if it determines that the documents are not properly subject to sealing.

Accordingly, Defendant's Motion (Doc. No. 151) is **GRANTED**.   It is **ORDERED** that within **seven (7) days** of the date of this Order, **Plaintiffs** shall file the documents at issue (Doc. Nos. 116-6, 116-7; Doc. No. 119-4; Doc. Nos. 145-13, 145-19), under seal.   This seal shall not extend beyond **ninety (90) days** after the case is closed and all appeals exhausted.   *See* Local Rule 1.11(f).

**DONE** and **ORDERED** in Orlando, Florida on March 27, 2024.

*[Signature]*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties